```
                   UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF TENNESSEE
                         COLUMBIA DIVISION
```

JOSEPH E. BOWEN,                )
                                )
        Plaintiff               )
                                )       No. 1:10-0056
v.                              )       Judge Trauger/Brown
                                )       **Jury Demand**
GILES COUNTY JAIL, et al.       )
                                )
        Defendants              )

**TO: THE HONORABLE ALETA A. TRAUGER**

### REPORT AND RECOMMENDATION

For the reasons stated below, the Magistrate Judge recommends that this case be dismissed without prejudice for failure to prosecute and obey Court orders.

### Background

The Plaintiff filed this matter in *forma pauperis* on July 7, 2010 (Docket Entry 1). After review, the application to proceed in *forma pauperis* was granted. The Court further reviewed the complaint and found that it contained claims which were not facially frivolous and the Clerk was instructed to send the Plaintiff a service packet for each defendant named in the action. The Plaintiff was specifically directed to complete the service packets and return them to the Clerk's office within 20 days of the date of the receipt of the Court's order (Docket Entry 3). The Plaintiff was specifically warned that his prosecution of this action would be jeopardized if he failed to return the completed service packets within the time required, or failed to keep the Clerk's office informed of his current address. The matter was

then referred to the undersigned for case management and a report and recommendation on any dispositive matter (Docket Entry 3). The annotation to Docket Entry 3 shows that a copy of the order and blank service packets were sent to the Plaintiff by regular and certified mail. It appears that the mail was returned as "Undeliverable return to sender, no longer here" on July 19, 2010 (Docket Entry 5). Subsequently, the docket sheet reflects that the mailing address for Plaintiff was updated on July 26, 2010, per a telephone call from the Plaintiff. On that same day the Clerk resent the original materials to the Plaintiff at the updated address (Docket Entry 6). The last entry filed is on July 29, 2010, the certified mail receipt card was returned showing that it was signed by Dana Bowen. There is no further activity in the file.[1]

## Legal Discussion

Federal Rule of Civil Procedure 4(m) provides:

> If service of the summons and complaint is not made upon the defendant within 120 days after the filing of the complaint, the Court upon motion or on its own initiative, after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be affected within a specified time; provided that if the plaintiff shows good cause for the failure, the Court shall extend the time for service for an appropriate period.

The Plaintiff in this case has failed to return service of process packets. Accordingly, no service of process has been initiated.

---

[1] The Magistrate Judge normally puts a 30-day pull date on files of this nature, but for some reason this file was not pulled until this week.

The Plaintiff appears to have lost interest in pursuing his case now that he has apparently been released. The Court must be able to control its docket and the Plaintiff has been specifically warned that failure to return the service packets could jeopardize his case. Under these circumstances, the Magistrate Judge believes that it is appropriate for this case to be dismissed without prejudiced for failure to prosecute and to obey Court orders. *Byrd v. Stone*, 94 F.3d 217,219 (6th Cir. 1996); *Hill v. Rhodes, Inc.*, 39 Fed. Appx. 246 (6th Cir. 2002 unpublished).

### Recommendations

For the reasons stated above, the Magistrate Judge recommends dismissal without prejudice of this matter.

Under Rule 72(b) of the Federal rules of civil Procedure, any party has 14 days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation, with the District Court. Any party opposing said objections shall have 14 days from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within 14 days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

**ENTERED** this 30th day of December, 2010.

/s/ Joe B. Brown
JOE B. BROWN
United States Magistrate Judge